UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI
WESTERN DIVISION

| | |
|---|---|
| R. ALEXANDER ACOSTA, ) | |
| SECRETARY OF LABOR, ) | |
| UNITED STATES DEPARTMENT ) | |
| OF LABOR, ) | |
| ) | |
| Plaintiff, ) | CIVIL ACTION FILE |
| ) | NO. 4:19-cv-44 |
| v. ) | |
| ) | |
| ROMANIS, LLC d/b/a ) | |
| LA COSTA MEXICANA, ) | |
| EDUARDO GARCIA, and RUBEN ANGEL, ) | |
| ) | |
| Defendants. ) | |

# **COMPLAINT**

Plaintiff brings this action to enjoin Defendants from violating the provisions of Sections 15(a)(2), 15(a)(3), 15(a)(4),and 15(a)(5), of the Fair Labor Standards Act of 1938, as amended (29 U.S.C. § 201 et seq.), hereinafter called the Act, including the restraint of any withholding of payment of minimum wages and overtime compensation found by the Court to be due employees under the Act.

I

Jurisdiction of this action is conferred upon the Court by Section 17 of the Act and by 28 U.S.C. § 1345.

II

Defendant Romanis, LLC is a limited liability company formed under the laws of the State of Missouri, with its principal place of business located at 12017 Marie Court, Kearney, Missouri, within the jurisdiction of this Court. At all relevant times, Defendant Romanis, LLC

has operated one or more restaurants doing business as La Costa Mexicana. La Costa Mexicana has a principal place of business located at 5 East Kansas Street, Liberty, Missouri, 64068

Defendant Eduardo Garcia resides in Missouri, within the jurisdiction of this Court. Defendant Eduardo Garcia is the majority owner of Defendant Romanis, LLC and acts directly or indirectly in the interest of Defendant Romanis, LLC in relation to its employees, and therefore, is an employer within the meaning of Section 3(d) of the Act.

Defendant Ruben Angel resides in Missouri, within the jurisdiction of this Court, and acts directly or indirectly in the interest of Defendant Romanis, LLC in relation to its employees, and therefore, is an employer within the meaning of Section 3(d) of the Act.

III

The activities of Defendants referred to in paragraph II were, and are, related and performed through unified operation or common control for a common business purpose, and have, since at least June 1, 2016, constituted an enterprise within the meaning of Section 3(r) of the Act.

IV

Since June 1, 2016, said enterprise has had employees engaged in commerce or in the production of goods for commerce, including employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person; an annual gross volume of sales made or business done of not less than $500,000, exclusive of excise taxes at the retail level, separately stated; and, therefore, was and is an enterprise engaged in commerce or in the production of goods for commerce as defined in Section 3(s)(1)(A) of the Act.

V

Defendants have violated and are violating the provisions of Sections 6 and 15(a)(2) of the Act by employing certain employees for their employment in an enterprise engaged in commerce or in the production of goods for commerce, wages at rates not less than $7.25 per hour.

VI

Defendants have violated and are violating the provisions of Sections 7 and 15(a)(2) of the Act by employing certain employees in an enterprise engaged in commerce or in the production of goods for commerce, for workweeks longer than 40 hours since June 1, 2016, without compensating said employees for their employment in excess of 40 hours in such workweeks at rates not less than one and one-half times the regular rates at which they were employed.

VII

Defendants, employers subject to the provisions of the Act, have violated and are violating the provisions of Sections 11(c) and 15(a)(5) of the Act, in that since June 1, 2016, Defendants have failed to make, keep, and preserve adequate and accurate records of Defendants' employees and of the wages, hours, and other working conditions and practices of employment maintained by Defendants, as prescribed by the regulations (29 Code of Federal Regulations Part 516) promulgated pursuant to Section 11(c) of the Act in that the records kept by Defendants failed to show, among other things, the hours worked each work day and each workweek, the regular rate of pay, the basis upon which wages are paid, and the total straight time and overtime earnings for each workweek, with respect to certain of Defendants' employees.

VIII

Defendants, beginning approximately June 1, 2016, and continuing since that date, have violated and are violating provisions of Sections 12(c) and 15(a)(4) of the Act, in that since June 1, 2016, Defendants employed and are employing minors under 16 years of age, in an enterprise engaged in commerce or in the production of goods for commerce, as defined by the Act, such employment constituting oppressive child labor within the meaning of the Act.

IV

Defendants have violated the aforesaid provisions of the Act as alleged in paragraphs V-VIII. A judgment permanently enjoining and restraining the violations herein alleged, including the restraint of the continued withholding of minimum wages unpaid overtime compensation due Defendants' employees, is specifically authorized by Section 17 of the Act.

WHEREFORE, cause having been shown, Plaintiff prays judgment permanently enjoining and restraining Defendant, Defendants' officers, agents, servants, employees, and those persons in active concert or participation with Defendants, who receive actual notice thereof, from violating the provisions of Sections 15(a)(2), 15(a)(3), 15(a)(4), and 15(a)(5), of the Act, including the restraint of any withholding of payment of unpaid compensation found by the Court to be due to Defendants' employees, together with interest thereon from the dates when such amounts became due and for such other further relief as may be necessary and appropriate.

Plaintiff further prays for such other relief as the Court may find due, including an order that Defendants be required to locate affected employees and distribute any amounts found to be due to affected employees as the result of the violations alleged in paragraphs V-IX hereof.

Respectfully Submitted,

Kate S. O'Scannlain
Solicitor of Labor

Christine Z. Heri
Regional Solicitor

Evert H. Van Wijk
Acting Associate Regional Solicitor


s/ Kim P. Flores
Kim Prichard Flores
Maryland Bar
Attorney

2300 Main Street
Suite 1020
Kansas City, MO 64108
(816) 285-7260
(816) 285-7287 (fax)

U.S. Department of Labor
Attorneys for Plaintiff